RECEIVED
IN ALEXANDRIA, LA.

JAN 2 7 2014

TONY R. MOORE, CLERK
DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

a

CLARENCE ALEXANDER FRITZ

VERSUS

D.C. COLE, ET AL.

DOCKET NO. 13-CV-2374; SEC. P

JUDGE DRELL

MAGISTRATE JUDGE KIRK

<u>REPORT AND RECOMMENDATION</u>

Before the Court is the civil rights complaint of Clarence Alexander Fritz, filed pro se and *in forma pauperis* on July 29, 2013. At the time of filing, Plaintiff was an immigration detainee in the custody of the Department of Homeland Security's Bureau of Immigration and Customs Enforcement (ICE), incarcerated at the LaSalle Detention Center. At present, he is incarcerated at the South Louisiana Correctional Center in Basile, Louisiana. Plaintiff names as defendants Warden Cole, the Lasalle Detention Center, the GEO Group, Joel Hartnett, L. Bowen, M. James, Lt. Tyler, Sgt. Anderson, Case Manager Vercher, J. Stuart, Officer Mitchell, Kelly Davis, and Herbert Partsch. He complains that he was subjected to excessive force, discrimination, and inadequate medical care, and that his due process rights were violated with regard to a disciplinary conviction. [Doc. #1, p.3-4]

### *Plaintiff's Allegations*

Plaintiff alleges that on June 7, 2013, he was transferred from LaSalle Detention Center to the St. Tammany Parish Sheriff's Office without his "travel pack" containing his medications. [Doc. #1, p.6] On June 11, 2013, Plaintiff was returned to the LaSalle

Detention Center where he was screened by ICE Health Service Group for intake.  He complained that he had been without medication for four days since he was not provided a travel pack of medication. [Doc. #1, p.6]

Later that evening, Defendant Anderson told Plaintiff that he needed to fill out a Protective Custody Form or he would be placed in Segregation.  Plaintiff refused to fill out the form, so Sgt. Anderson placed him in restraints.  Plaintiff alleges that the arm bands were "extremely tight." Plaintiff was escorted to medical and cleared for intake without a thorough examination.  [Doc. #1, p.7] He claims that, while being escorted to segregation, Plaintiff noticed Lt. Tyler in an office window.  Plaintiff proceeded to kick the office window to get Tyler's attention.  When he kicked the window, Anderson "slammed" him against the glass and threatened Plaintiff.  [Doc. #1, p.7]  Plaintiff began kicking Sgt. Anderson because he feared for his safety.  Plaintiff alleges that he was taken to the segregation unit where he collapsed and suffered an anxiety attack.  Plaintiff was revived by Nurse Kelly Davis who "fed" Plaintiff ten pills to calm Plaintiff down.  [Doc. #1, p.7]

On June 14, 2013, Plaintiff was given a Unit Disciplinary Committee Hearing by Case Manager Vercher.  Vercher recommended a hearing before the Institution Disciplinary Panel.  On June 17, 2013, Plaintiff was summoned to the hearing, but Plaintiff waived his appearance.  Plaintiff claims that he did not attend the

hearing because his due process rights had been violated because more than 72 hours had passed since he was charged with the offense.  [Doc. #1, p.7]  Plaintiff appealed his disciplinary conviction to the warden, who dismissed the appeal.

Plaintiff alleges that he sought medical treatment due to the tightness of the wrist bands, but he received no medical care.

Amend Order

**1.   Disciplinary Process**

Prison disciplinary proceedings differ from criminal prosecutions, and prisoners in such proceedings are not entitled to the panoply of rights due a defendant in a criminal trial. Wolff v. McDonnell, 418 U.S. 539, 556 (1974).  In the disciplinary hearing process, a prisoner's rights, if any, are governed by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. See Wolff v. McDonnell, 418 U.S. 539, 557 (1974). ***However, inmates who are charged with institutional rules violations are entitled to rights under the Due Process Clause only when the disciplinary action may result in a sanction that will infringe upon a constitutionally protected liberty interest***. See Sandin v. Conner, 515 U.S. 472 (1995).  Such liberty interests may emanate from either the Due Process Clause itself or from state law. See Ky. Dep't of Corrections v. Thompson, 490 U.S. 454, 460 (1989). Liberty interests arising from state law are "generally limited to freedom from restraint which, while not exceeding the

3

sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force ... nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 484 (internal citations omitted). Only those state-created substantive interests that "inevitably affect the **duration of [a prisoner's] sentence**" may qualify for constitutional protection under the Due Process Clause. Id. at 487 (emphasis added)(a disciplinary sentence of placement in segregated confinement failed to rise to the level of a constitutional claim); see also Orellana v. Kyle, 65 F.3d 29, 31-32 (5th Cir. 1995).

The protections afforded by the Due Process Clause thus do not extend to "every change in the conditions of confinement" which adversely affects prisoners. Madison v. Parker, 104 F.3d 765, 767 (5th Cir.1997). Sanctions which may be imposed as a result of disciplinary cases, including various terms of commissary, recreation, and cell restriction, do not implicate concerns that are protected by the Due Process Clause. Id. at 486; Malchi v. Thaler, 211 F.3d 953, 958 (5th Cir. 2000). Moreover, an inmate has **neither a protected property nor liberty interest in his custodial classification**. Moody v. Baker, 857 F.2d 256, 257-58 (5th Cir. 1988) (internal citations omitted).

In the instant case, it appeared as though Plaintiff lost twenty days of time or credit, which would affect the length of his

4

sentence.  ***However***, upon further review it appears that Plaintiff suffered twenty days placement *in segregation* - not loss of time. Plaintiff has not alleged facts indicating that the time in segregation resulted in an atypical and significant deprivation in the context of prison life.  Because ***the conviction has/had no impact on the length of time Petitioner spent or will spend in custody, the protections afforded by the Due Process Clause do not extend to his disciplinary proceedings***.  See <u>Malchi</u>, <u>Madison</u>, and <u>Moody</u>, <u>supra</u>.  Thus, the deprivation of notice and written findings does not implicate a constitutional right of Plaintiff.

**2.   Threat and Assault**

Like pretrial detainees, immigration detainees complaining of particular acts rather than general conditions of confinement must show the official acted with subjective deliberate indifference. <u>See</u> <u>Edwards v. Johnson</u>, 209 F.3d 772, 778 (5th Cir. 2000)(immigration detainee is equivalent to a pretrial detainee). Plaintiff complains of a specific incident involving Sgt. Anderson. He alleges that Sgt. Anderson threatened and assaulted him.  First, verbal threats, without more, do not support a claimed constitutional violation.  <u>Siglar v. Hightower</u>, 112 F.3d 191, 193 (5th Cir. 1997); <u>McFadden v. Lucas</u>, 713 F.2d 143, 146 (5th Cir. 1983).  Thus, Plaintiff's claim regarding threats received is frivolous.

Plaintiff also claims that Sgt. Anderson used excessive force

by "assaulting" him.  Specifically, he complains that the handcuffs were too tight.  The Fifth Circuit has found that "handcuffing too tightly, without more, does not amount to excessive force."  Glenn v. City of Tyler, 242 F.3d 307 (5th Cir.2001); accord Freeman v. Gore, 483 F.3d 404, 417 (5th Cir.2007) (rejecting as de minimis the plaintiff's claim "that the deputies twisted her arms behind her back while handcuffing her, 'jerked her all over the carport,' and applied the handcuffs too tightly, causing bruises and marks on her wrists and arms.").

Plaintiff also alleges that Sgt. Anderson "slammed" him against glass - *after* Plaintiff admittedly **kicked the glass**.  To state an excessive force claim, a plaintiff must allege that there was an "unnecessary and wanton infliction of pain."  Hudson v. McMillian, 503 U.S. 1, 5 (1992).  In this case, Plaintiff kicked an office window, thereby causing a disturbance.  After Anderson slammed him against the glass, Plaintiff began to **kick the officer**.  In Hamer v. Jones, 364 Fed. Appx. 119, 121 (5th Cir.2010) (per curiam), an inmate caused a disturbance after which an officer slammed him against the wall while holding him by the throat, then forced him to the floor.  The Fifth Circuit found that while the inmate's injuries in that case were "arguably more than de minimis," they did not demonstrate injuries that are the product of the sort of unnecessary force described by Hudson.  Id.  In this case, as in Hamer, the inmate created the disturbance; the force

used against him was in response to that disturbance; the force was employed for the purpose of maintaining discipline and not with a goal of subjecting him to harm.  Moreover, in this case, the inmate actually **kicked** the officer.  Plaintiff has not stated a claim for excessive force and deliberate indifference.  To the extent that Plaintiff seeks to pursue a tort claim of assault or battery, he may do so in state court.

3.   **Medical Care**

Plaintiff alleges that he collapsed from an anxiety attack. He "came to consciousness" by Nurse Kelly Davis "inflicting pain" on his right hand and finger to revive him.  She then "fed" Plaintiff ten (10) pills of an unknown origin to calm him down.  He also claims that he requested, but did not receive, medical care for his right wrist, which hurt from the handcuffs being too tight.

As a detainee Plaintiff has a constitutional right to basic, reasonable medical care.  See Jacobs v. West Feliciana Sheriff's Dep't, 228 F.3d 388, 393 (5th Cir. 2000); Cupit v. Jones, 835 F.2d 82, 85 (5th Cir. 1987).  A custodial official violates that right if he is deliberately indifferent to an inmate's **serious medical need**.  Lawson v. Dallas County, 286 F.3d 257, 262 (5th Cir. 2002), citing Estelle v. Gamble, 429 U.S. 97 (1976).  A serious medical need is one that has been diagnosed by a doctor or health professional or a condition that is so obvious that even a layperson would recognize that medical care is required.  Gobert v.

Caldwell, 463 F.3d 339, 345 n. 12 (5th Cir. 2006). Plaintiff's bruised right wrist does not present a "serious medical need" - a bruise is not a condition for which one typically seeks medical treatment.

Also, Fritz does not allege that he suffered any injury from Nurse Davis's treatment that was more than *de minimis*. The United States Fifth Circuit has held that the phrase "physical injury" in §1997e(e) means an injury that is *more than de minimis*, but need not be significant. Alexander v. Tippah County, Miss., 351 F.3d 626 (5th Cir. 2003); Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997)(vomiting and nausea was a de minimis injury insufficient for recovery under § 1997e(e)).

Finally, at the end of his compliant, Plaintiff makes a conclusory allegation that he "suffered from discriminatory treatment" due to his race. A plaintiff's obligation to provide the grounds of his entitlement to relief requires more than providing the court with labels and conclusions or a formulaic recitation of the elements of a cause of action. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)(quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)).

### Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's complaint and amended complaint be **DENIED AND DISMISSED** with prejudice as frivolous and failing to state a claim for which

relief can be granted, pursuant to 28 U.S.C. §1915(e)(2)(b) and 1915A.

### Objections

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court.  No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed.  Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged.  Timely objections will be considered by the district judge before he makes his final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

THUS DONE AND SIGNED at Alexandria, Louisiana, this _____ day of January, 2014.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE